# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FRANCISCO MORAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No. CV 21-01676-SVW (DFM)<br><br>Order Summarily Dismissing Petition for Lack of Jurisdiction and Administratively Closing Case |

On February 17, 2021, state prisoner Francisco Moran ("Petitioner), proceeding pro se, filed a request for an extension of time to file a federal petition for writ of habeas corpus. See Dkt. 1. For the reasons discussed herein, this action is dismissed without prejudice for lack of jurisdiction.

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies." Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit and suffers some actual injury that is likely to be "redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation omitted).

A federal court lacks jurisdiction to consider the timeliness of a habeas petition unless and until such a petition is actually filed because there

otherwise is no case or controversy within the meaning of Article III. See Casaburi v. Warden, No. 13-4705, 2013 WL 3367275, at *1 (C.D. Cal. July 3, 2013) (collecting cases for proposition that federal court does not have jurisdiction to give advisory opinion that statute of limitations will not bar anticipated, but not yet filed, federal habeas petition). The Court is also precluded from giving an advisory opinion as to the statute of limitations. See United States v. Leon, 203 F.3d 162, 163-64 (2d Cir. 2000) (federal court lacks jurisdiction to consider the timeliness of habeas petition until a petition is actually filed).

Given the absence of a live case or controversy, the Court has no authority to issue any further orders, apart from dismissing the matter for lack of jurisdiction. See United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 76-77 (1988) (in absence of subject-matter jurisdiction, Article III court had no authority to order compliance with subpoena).

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice. The Clerk of Court shall administratively close this matter.

Date: March 4, 2021

_____
STEPHEN V. WILSON
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge